O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FERNANDO FIGUEROA,

    Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

Case No. 2:15-CV-03108 (VEB)

DECISION AND ORDER

## I. INTRODUCTION

In February of 2011, Plaintiff Fernando Figueroa applied for Disability Insurance Benefits and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by the Law Offices of Binder and Binder, P.C., Shanny J. Lee,

Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9, 10). On March 16, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 20).

## II. BACKGROUND

Plaintiff applied for benefits in February of 2011, alleging disability beginning September 25, 2010, due to various physical and mental impairments. (T at 198-201, 202-11).[1] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On February 12, 2013, a hearing was held before ALJ Lisa Thompson. (T at 87). Plaintiff appeared with his attorney and testified. (T at 92-114). The hearing was continued to June 4, 2013. (T at 67). Plaintiff appeared on that day with his attorney and testified. (T at 74-76). The ALJ also received testimony from Kelly Bartlett, a vocational expert (T at 77-85).

On August 29, 2013, the ALJ issued a written decision denying the applications for benefits. (T at 21-42). The ALJ's decision became the

---

[1] Citations to ("T") refer to the administrative record at Docket No. 15.

Commissioner's final decision on February 26, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-8).

On April 27, 2015, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on September 3, 2015. (Docket No. 14). Plaintiff filed a supporting Memorandum of Law on October 5, 2015. (Docket No. 17).  Defendant submitted an opposition Memorandum of Law on October 26, 2015. (Docket No. 18).  Plaintiff filed a Reply on November 10, 2015. (Docket No. 19).

After reviewing the pleadings, memoranda of law, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

B.     **Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.    Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 25, 2010 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2015. (T at 29). The ALJ found that Plaintiff's history of lipodystrophy,[2] back pain, osteoporosis, and

---

[2] Lipodystrophy is a problem with the way the body produces, uses, and stores fat. It is also called fat redistribution. Since the widespread use of antiretroviral therapy began, the numbers of HIV-positive people with lipodystrophy has increased.

human immunodeficiency virus ("HIV") were "severe" impairments under the Act. (Tr. 29).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 31-32).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 416.967 (b), with the following limitations: he can frequently climb ramps and stairs, balance, stoop, twist, kneel, crawl, and crouch, but can never climb ladders, ropes, or scaffolds. (T at 32).

The ALJ found that Plaintiff could perform his past relevant work as an accounting clerk/management trainee and customer service representative. (T at 35).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from September 25, 2010 (the alleged onset date) through August 29, 2013 (the date of the ALJ's decision). (T at 36). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-8).

**D.     Disputed Issue**

Plaintiff offers a single argument in support of his claim that the Commissioner's decision should be reversed.  He challenges the ALJ's credibility determination.

### IV. ANALYSIS

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the

symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:

He was 49 years old as of the date of the administrative hearing. (T at 92). He is not married and has no children. (T at 92-93). He receives food stamps. (T at 96). He is prevented from working due to pain. (T at 96). The pain is so severe it prevents him from being able to concentrate or focus. (T at 97). He occasionally watches television, but does not really focus on the program. (T at 97-98). He prepares simple meals. (T at 98). He shops for groceries with assistance and receives visits from friends. (T at 99).

The pain is concentrated mostly in his upper back. The pain radiates and causes right side numbness. (T at 100, 102). He treats the pain with Vicodin, but it is very strong and "knock[s] him down" when he takes a full does, causing him to fall asleep. (T at 100-101). He tries to address this side effect by cutting the dose in half. (T at 101). He takes the full dose three or four times per week, but then is "knock[ed] down" asleep for three to four hours thereafter. (T at 102). In addition to these episodes, Plaintiff is chronically fatigued, taking 3-4 naps of 30-40 minutes in length each day. (T at 102). Ointments provide some pain relief. (T at 103).

His HIV symptoms include rashes all over his body. (T at 106). He has headaches lasting three days, which occur four or five times per month. (T at 108). His hands shake. (T at 108). He has feelings of depression, incompetence, and worthlessness. (T at 111). He explored mental health treatment, but had difficulty because of insurance coverage issues. (T at 74). He has some vision problems, which are helped by glasses. (T at 76)

The ALJ concluded that Plaintiff had "established a foundation for his basic symptoms," but found that the "cumulative medical and lay evidence" showed that Plaintiff could engage in sustained work activity consistent with the RFC assessment and could perform his past relevant work. (T at 22, 35).

Plaintiff challenges the ALJ's credibility determination on several grounds, which this Court will address in turn below.

**A.    Side Effects**

Plaintiff contends that the ALJ did not give adequate consideration to his testimony concerning pain medication side effects.

The Social Security Administration has concluded that "[i]n recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone," the ALJ "must consider in addition to the objective medical evidence [...] the type, dosage,

effectiveness, and side effects of any medication." SSR 96-7p. In addition, the Ninth Circuit has held that an ALJ must "consider all factors that might have a significant impact on an individual's ability to work." *Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993)(citation omitted). These factors "may include side effects of medications as well as subjective evidence of pain." *Id*. at 818.

Here, as outlined above, Plaintiff testified as to significant and debilitating side effects (primarily, fatigue) from his medications. (T at 100-102). However, while there are some references to fatigue and side effects in the medical record (T at 450, 965, 1192, 1195), the ALJ reasonably concluded that these symptoms were not documented as extensively as one might expect given the severity alleged.[3] (T at 35).

In other words, if Plaintiff was suffering from side effects as severe as alleged (in particular, debilitating fatigue requiring extensive napping), one would expect the record to be replete with references to those debilitating symptoms. The ALJ surveyed the record and found such evidence lacking, which tended to diminish the credibility of Plaintiff's allegations. (T at 32, 35).

Again, the question is not whether the record contains *some* evidence of fatigue and side effects complaints (it certainly does), the question is whether the

---

[3] By way of example, Dr. Enriquez, a consultative examiner, reported that Plaintiff complained of "fatigue *after walking two blocks*." (T at 490)(emphasis added).

1  ALJ reasonably concluded that the *severity* of the symptoms/side effects alleged by
2  Plaintiff is inconsistent with the medical record over time. The ALJ's conclusion in
3  this regard was reasonable. This is sufficient to sustain the ALJ's decision under the
4  applicable standard of review. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th
5  Cir. 2008)("If the ALJ's credibility finding is supported by substantial evidence, the
6  court may not engage in second-guessing.").

7  **B.     Medical Evidence**

8  The ALJ also found Plaintiff's complaints contradicted by the objective
9  medical evidence.  Although lack of supporting medical evidence cannot form the
10 sole basis for discounting pain testimony, it is a factor the ALJ may consider when
11 analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other
12 words, an ALJ may properly discount subjective complaints where, as here, they are
13 contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d
14 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir.
15 2002).

16 The ALJ provided a detailed summary of the evidence that tended to show
17 that, while Plaintiff certainly suffered from pain and limitations, his conditions were
18 generally managed with treatment and he retained the ability to perform work
19 consistent with the RFC determination and, in particular, to perform his past relevant
20

work. (T at 32-35). In this regard, the ALJ's conclusions were consistent with the overall evidence, including the findings of two consultative examiners and three State Agency review physicians.

Dr. Concepcion Enriquez performed a consultative examination in August of 2011. Dr. Enriquez opined that Plaintiff could occasionally lift/carry 20 pounds and frequently lift/carry 10 pounds; stand/walk with normal breaks for 6 hours in an 8-hour workday; sit with normal breaks for 6 hours in an 8-hour workday; and perform frequent bending, stooping, and twisting. (T at 494).

Dr. Elmo Lee performed a consultative psychiatric examination in April of 2012. Dr. Lee assigned a Global Assessment of Functioning ("GAF")[4] score of 65 (T at 804). "A GAF of 61-70 indicates '[s]ome mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships.'" *Tagger v. Astrue*, 536 F. Supp. 2d 1170, 1174 n.8 (C.D. Cal. 2008).

Dr. Lee opined that Plaintiff retained the ability to perform simple and repetitive tasks and detailed and complex tasks; he can accept instructions from

---

[4] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

supervisors and interact with co-workers and the public; he can perform work activities on a consistent basis without special or additional instruction; can maintain attendance and complete a normal workday/workweek without interruptions from a psychiatric condition; and can deal with usual work stress. (T at 805).

In September of 2011, Dr. Yendell Moore, a non-examining State Agency review physician, concluded that Plaintiff could occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, stand/walk for about 6 hours in an 8-hour workday, sit with normal breaks for about 6 hours in an 8-hour workday, and push/pull in unlimited amounts. (T at 504). Dr. E. Christian, another non-examining State Agency review physician, made the same findings in March of 2012. (T at 794). Dr. M. Salib, a non-examining State Agency review physician, opined in April of 2012 that Plaintiff had mild restriction in activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence, or pace. (T at 816).

"The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and

15

DECISION AND ORDER – FIGUEROA v COLVIN 2:15-CV-3108-VEB

other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Plaintiff argues that the ALJ should have weighed the evidence differently and given more credibility to his complaints. In this regard, Plaintiff cites evidence that he continued to report joint, back, and neck pain notwithstanding treatment. However, the fact that a claimant suffers from pain, even significant pain, is not sufficient, without more, to justify an award of benefits. Rather, the pain must be so severe as to preclude gainful employment. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)("[M]any medical conditions produce pain not severe enough to preclude gainful employment. The Disability Insurance and Supplemental Security Income programs are intended to provide benefits to people who are unable to work; awarding benefits in cases of nondisabling pain would expand the class of recipients far beyond that contemplated by the statute."); Curbow v. Colvin, No. CV-14-8222, 2016 U.S. Dist. LEXIS 12147, *16 (D. Ariz. Feb. 1, 2016)("[D]isability requires more than mere inability to work without pain.").

Moreover, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. Here, for the reasons outlined above, this Court finds the ALJ's decision supported by substantial evidence and it must therefore be

sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**C.     Activities of Daily Living**

The ALJ cited evidence of Plaintiff's activities of daily living as a basis for discounting the credibility of his allegations of disabling pain and fatigue. Plaintiff lived alone, prepared simple meals, exercised, shopped for groceries, travelled to Mexico, and visited with friends. (T at 35, 97-99, 248-55, 331). As discussed above, while the contemporaneous treatment record contains complaints of pain, limitations, and side effects, the ALJ reasonably concluded that these issues were not documented as extensively as one would expect given the severity of Plaintiff's allegations. (T at 35).

When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). Activities of daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount

a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2011).

Plaintiff takes issue with the ALJ's characterization of his activities of daily living and offers an alternative assessment of the evidence. However, even if the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). In this case, considering all of the factors, this Court finds that substantial evidence supports the Commissioner's decision.

### V.   CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including

the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 13th day of September, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE